■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY REYES, Appellant.—Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered April 20, 1988, convicting defendant, after jury trial, of robbery in the first degree and attempted robbery in the first degree and sentencing him, as a second felony offender, to concurrent terms of imprisonment of from 7½ to 15 years, unanimously affirmed.

Defendant was indicted for the forcible theft of $20 from one of his two victims. Testimony was elicited that he had also appropriated a pack of cigarettes as he went through the victim's pockets. The Trial Judge instructed the jury, over defense objection, that they had to find, *inter alia,* that defendant had stolen a $20 bill *and* cigarettes, as testified. This overburdening of the jury turned out not only to be inconsequential, but, if anything, inured to defendant's benefit, since it required the jury to find more than was charged in the indictment. There is absolutely no basis for defendant's argument that the jury took this instruction to mean that they could find robbery based upon the theft of money "or" cigarettes; nor is there any reason to think that the instruction had any effect on defendant's conviction of attempted robbery of this victim's companion, from whom no property was taken.

The prosecutor's further exploration, on redirect examination, into the circumstances surrounding a "violation" conviction of one of the victims a year before the occurrence of this crime was fully justified by defendant's exploration of that incident on cross-examination *(People v Regina,* 19 NY2d 65), and did not amount to an attempt to absolve her of the disorderly conduct for which she had been convicted. Concur—Kupferman, J. P., Milonas, Ellerin, Wallach and Rubin, JJ.